## AUGUSTINE C. PIERCE *vs.* SUSAN D. BURNHAM.

A wife, who is divorced from bed and board, and lives apart from her husband, may be sued, as well as sue, as a feme sole.

ASSUMPSIT by the payee against the maker of a promissory note.

At the trial, in the court of common pleas, it was admitted that the defendant was a married woman, when she made the

note, but that she had, before that time, been separated from her husband, by a decree of divorce from bed and board, and had, ever since that decree, lived apart from her husband ; and that these facts were known to the plaintiff when the note was made. It was also admitted that, before the making of the note, the plaintiff had recovered a judgment against a son of the defendant, and that the note was made by the defendant and received by the plaintiff in satisfaction of that judgment ; and that this was the only consideration for the note.

The defendant relied on these facts as a defence to the action ; but the judge, who sat at the trial, ruled otherwise, and a verdict was returned for the plaintiff ; whereupon the defendant alleged exceptions to said ruling.

*B. Sumner*, for the defendant. The defendant is not liable to an action, as a feme sole. *Lewis* v. *Lee*, 3 Barn. & Cres. 291. *Hookham* v. *Chambers*, 3 Brod. & Bing. 92. *S. C.* 6 Moore, 265. Although it was decided in *Dean* v. *Richmond*, 5 Pick. 461, that a woman divorced from bed and board may sue as a feme sole ; yet it does not necessarily follow that she may be sued as such. That decision proceeded on the ground of protection to the woman, that she might be enabled to subsist. But it has not yet been adjudged that she is liable to an action, in any case, without a joinder of her husband as a defendant. And if she might be sued alone for debts contracted for her subsistence, yet she is not liable in the present case, in which she gave a note, not for her own benefit, but for a third person's debt. She is liable to an action only where her husband would be liable on the same cause of action, if she, during coverture, had made a contract in his absence.

*Hutchins*, for the plaintiff, relied on *Dean* v. *Richmond*, 5 Pick. 461. He also cited *Gregory* v. *Paul*, 15 Mass. 31. *Abbot* v. *Bayley*, 6 Pick. 89. 1 Pet. 108, per Duval, J. 2 Kent Com. (3d ed.) 154, 157.

SHAW, C. J. The main question presented on this bill of exceptions is, whether a married woman, after a divorce *a mensa et thoro*, regularly decreed by a court of this Commonwealth, can make a valid contract to bind herself, and whether an action can be maintained against her alone on such contract.

Whatever diversity of opinion there may have been on this subject, in courts professing to be governed by the rules of the common law, we consider it settled, in this Commonwealth, in the case of *Dean* v. *Richmond*, 5 Pick. 461, that a woman divorced *a mensa*, during the separation, and in the lifetime of her husband, may enter into contracts, take her own earnings to her own use, and, as a necessary consequence of this capacity, may sue and be sued. 2 Kent Com. (3d ed.) 157. After such divorce, the law of this Commonwealth recognizes her right to acquire and hold property, to take her own earnings to her own use, for the support and maintenance of herself and children. . She is deprived of the protection and exempted from the control of her husband. She may, by the decree of the court granting the divorce, and pursuant to the provisions of the statute law of the Commonwealth, be charged with the custody, and consequently with the support and maintenance, of the children of the marriage. The reason, therefore, why a wife cannot sue or be sued, without joining and being joined with her husband, does not exist. But the relation, in which the divorce *a mensa et thoro* places the parties, opposes such a joinder. If it were necessary to join the husband as plaintiff, he might release her rights, by which she would be subjected to costs ; if he might be joined as defendant, he might be made subject to her debts ; both of which consequences are repugnant to the new relation of divided and separate interests, in which the law, by such a decree, places them. Whilst the law thus recognizes the right of a woman, so divorced, to acquire and to take the proceeds of her industry to her own use, it recognizes her power to make contracts ; and if she could not sue or be sued, it would present the anomalous case, in which the law recognizes a right without affording a remedy for vindicating it, and subjects a party to a duty, without lending its aid to enforce it.

*Exceptions overruled.*